UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CLEMENTE DE JESUS

               Plaintiff,                         MEMORANDUM AND ORDER
                                                                      19-CV-01842

   - against -

MAGNETIC CONTRACTING CORP.,
and NICK NIKOLIS,

               Defendants.
----------------------------------------------------------x
GLASSER, Senior United States District Judge:

      On March 31, 2019, Plaintiff Clemente De Jesus filed this action against Defendants Magnetic Contracting Corp. and Nick Nikolis (collectively, "Defendants"). (ECF No. 1, "Compl."). The complaint seeks overtime wages, liquidated damages, interest, attorneys' fees, and costs for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, New York Labor Law ("NYLL"), Arts. 6, 19 §§ 190 *et seq.*, and regulations promulgated thereunder.[1] Before the Court is Plaintiff's voluntary dismissal without prejudice under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (ECF No. 12). For the reasons set forth below, Plaintiff's counsel is ordered to provide the Court with further information.

## BACKGROUND

      On April 3, 2019, Magistrate Judge Reyes issued a scheduling order and mediation referral requiring (1) a status report regarding settlement filed by June 12, 2019; (2) the selection of a mediator by June 12, 2019; and (3) that mediation be completed by August 12, 2019. (ECF No. 5). Judge Reyes subsequently granted Plaintiff's request for a 30-day extension of time to serve a

---

[1] Plaintiff also requests an "injunction" directing Defendants to comply with NYLL § 195. Compl. ¶ 60. Defendants appear to have been served. (ECF Nos. 6-7).

1

notice of default and, in the event they failed to appear or answer, to request an entry of default against Defendants. (ECF No. 8).

On July 22, 2019, the Clerk of Court certified Defendants' default. (ECF Nos. 9-10). Judge Reyes then directed Plaintiff to move for default judgment by August 9, 2019, which was extended 45-days to allow Plaintiff's counsel to "reach out to defendants again, further confer with plaintiff and finalize the motion papers." (ECF No. 11). On September 23, 2019—the same day Plaintiff's motion for default judgment was due—Plaintiff filed a "Notice of Voluntary Discontinuance Without Prejudice" under Rule 41(a)(1)(A)(i). (ECF No. 12).

## DISCUSSION

The circumstances raise a concern that the parties have covertly settled FLSA claims in an effort to evade judicial review required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Plaintiff's counsel, Abdul K. Hassan, is undoubtedly familiar with a court's obligation to review FLSA settlements under *Cheeks*—he served as counsel to Dorian Cheeks in the landmark case. In *Cheeks*, the Second Circuit left open "whether parties may settle [FLSA] cases without court approval or DOL supervision by entering into a Rule 41(a)(1)(A) stipulation without prejudice." 796 F.3d at 201 n.2. Although the Second Circuit has not as yet resolved the issue, lower courts have persuasively reasoned that "[n]otices of dismissal without prejudice should not be used in FLSA cases as a mechanism to effect an end-run around the policy concerns articulated in *Cheeks*." *Carson v. Team Brown Consulting, Inc.*, No. 16-cv-4206 (LDH) (RLM), 2017 WL 4357393, at *4 (E.D.N.Y. Sept. 29, 2017) (requiring *Cheeks* review after voluntary dismissal without prejudice); *see also Seck v. Dipna Rx, Inc.*, No. 16-cv-7262 (PKC), 2017 WL 1906887, at *4 (S.D.N.Y. May 8, 2017) (vacating court order that approved "voluntary discontinuance").

2

Where, as here, there is reason to believe the parties may have entered into a settlement, a court should assure itself that dismissal without prejudice is not an intended evasion of *Cheeks*. *See Seck*, 2017 WL 1906887, at *1 ("settlement of a FLSA action accomplished through a unilateral dismissal of the complaint by plaintiff is not exempt from review"); *Carson*, 2017 WL 4357393, at *1 ("[T]he district court must be guided, first and foremost, by the policy considerations underlying *Cheeks*. In view of those policy considerations, this Court concludes that judicial review and approval should be required in this case."). These cases illustrate the need for judicial review when the parties (or their counsel) have settled FLSA claims and seek dismissal without prejudice.

## CONCLUSION

Accordingly, by October 4, 2019, Mr. Hassan is directed to report whether or not the parties have reached an agreement that settles the claims asserted in this action. If a settlement agreement has been reached, Mr. Hassan is directed to provide a copy of it or, if not reduced to writing, to provide a statement of its terms.

SO ORDERED.

Dated:     Brooklyn, New York
           September 26, 2019

/s/
I. Leo Glasser             U.S.D.J.

3